UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IOU CENTRAL, INC. d/b/a IOU FINANCIAL INC., <br>     Plaintiff, <br><br> v. <br><br> RICARDO M. VANCE, JR., TAMMY ARLENE VANCE, LARRY A. HAM, AND FUTURE GLOBAL MARKETS, INC., <br><br>     Defendants. | CIVIL ACTION NO. <br><br> 1:19-CV-5862-CAP |

## O R D E R

This action is before the court on the plaintiff's motion for default judgment [Doc. No. 13]. On January 25, 2021, the court issued an order for the plaintiff to file a supplemental brief by February 15, 2021, addressing delineated questions regarding the motion and the plaintiff's claims [Doc. No. 26]. Three days after this deadline passed, the plaintiff filed a motion seeking an extension of time through February 19, 2021 to file the supplemental brief. The court granted that request [Doc. No. 29], but the plaintiff did not file the supplemental brief before the deadline. Instead, the plaintiff filed another motion for extension of time on February 22, 2021 [Doc.

No. 30].  In this second motion, the plaintiff sought through February 22, 2021 to file its supplemental brief.  The court notes that this proposed new deadline was the same date of the motion.  The plaintiff again neglected to file the supplemental brief by its own proposed deadline. Instead, the plaintiff filed an executed return of service [Doc. No. 31].  This filing may be in response to the court's first inquiry in the January 25, 2021 order regarding proof of service on the corporate defendant.  The court presumes that the plaintiff is electing not to respond to the remaining eight inquiries that were set forth in the January 25, 2021 order.

A default entered pursuant to Rule 55(a) constitutes an admission of all well-pleaded factual allegations contained in a complaint.  *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  However, entry of default does not automatically warrant the court's entry of default judgment.  *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d at 1362 (quoting *Nishimatsu Const. Co., Ltd.*, 515 F.2d at 1206)).  Even if a defendant is in default, he "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*; *see also United States v. Khan*, 164 F. App'x 855, 858 (11th Cir. 2006) ("[A] default judgment may not stand on a complaint that fails to state a claim.").

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted and alteration adopted). Complaints that violate Rule 8(a)(2) "are often disparagingly referred to as 'shotgun pleadings,'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015), and cannot serve as an action's operative complaint, *see Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008) (stating that the Eleventh Circuit has "roundly, repeatedly, and constituently" condemned the filing of shotgun pleadings).

Although shotgun pleadings can take various forms, the "unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. Of particular relevance here, a complaint may be a shotgun pleading when it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought

against" or "where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321–23.

In an attempt to address the plaintiff's motion for default judgment, the court has pored over the complaint, sought clarification from the plaintiff, and can only conclude that the complaint is an improper shotgun pleading. First, the complaint incorporates antecedent allegations by reference into each subsequent claim for relief. Compl. at ¶¶ 33, 46, 54, 61, 67, 72, 77, and 82 [Doc. No. 1] (incorporating by reference certain paragraphs from within other counts). *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006); *Keith v. Dekalb Cty.*, 749 F.3d 1034, 1045 n.39 (11th Cir. 2014) ("The complaint, through its incorporation into successive counts all preceding allegations and counts, is a quintessential 'shotgun' pleading— the sort of pleading we have been roundly condemning for 30 years.").

Next, the complaint fails to attribute each of its allegations to a specific defendant, making it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). This is particularly concerning here because two of the individual defendants are not signatories to the contractual agreements that form the basis of the case.

Moreover, the plaintiff brings eight counts against all four defendants but seeks relief only as to some of those defendants. For example, in count III, the plaintiff asserts a claim of "breach of fiduciary duty, conversion and related relief as to all defendants" yet makes allegations about only two defendants and demands judgment against only one defendant on this count. Complaint at ¶¶ 55 – 60 [Doc. No. 1]. Then, the plaintiff inexplicably incorporates the demand for judgment against that single defendant into the remaining, unrelated counts. Compl. at ¶¶ 61, 67, 72, 77, and 82. The court is therefore unable to ascertain which claims the plaintiff seeks to raise against each defendant and which of the defendants is responsible for which acts or omissions. *See Weiland*, 792 F.3d at 1321; *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019) ("[A] shotgun pleading fails to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.").

Lastly, the plaintiff fails to identity a specific statutory basis for the vast majority its claims. *See Weiland*, 792 F.3d at 1323. On many occasions throughout the complaint, the plaintiff solely cites statutory short titles "and applicable law" as its causes of action. This slipshod way of pleading is particularly confusing in this case, which appears to be nothing more than a suit based on a promissory note and a personal guaranty. For example, the

plaintiff seeks punitive damages, claims breach of fiduciary duty, demands a constructive trust, asks to insulate any judgment from bankruptcy, seeks to levy on property owned by non-signatories to the security agreement all without alleging the legal basis to support such claims.  From this approach, the court cannot discern what authority provides the plaintiff with a cause of action and, for that reason, the court would be required "rewrite[] the complaint into an intelligible document" in order to grant the plaintiff relief. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018).

The court sought input from the plaintiff in requesting a supplemental brief in support of the motion for default judgment, but the plaintiff repeatedly failed to meet not only the court's deadlines, but the dates set by the plaintiff itself.  Based on the deficiencies set out above, the court DENIES the plaintiff's motion for default judgment [Doc. No. 13].  The plaintiff is hereby DIRECTED to file an amended complaint within fourteen (14) days from the entry of this order.  The plaintiff's amended complaint must coherently articulate the requested relief, against whom it is asserted, and the legal basis for it.  If the plaintiff fails to timely file an amended complaint that complies with this order, this matter will be dismissed with prejudice. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

Pursuant to Federal Rule of Civil Procedure 5(a)(2), the plaintiff is not required to serve the defendants with a copy of the amended complaint unless it adds new claims  However, the clerk is DIRECTED to mail a copy of this order to the defendants at the following addresses: 1558 Simpson Dr., Columbus, OH 43227; 899 Old Farm Rd, Columbus, OH 43213; and 7821 Astra Circle, Reynoldsburg, OH 43068.

The motion for extension of time [Doc. No. 30] is moot because the deadline sought by the plaintiff has passed with no filing.  Accordingly, the motion is DISMISSED.

**SO ORDERED** this 23rd day of February, 2021.

/s/CHARLES A. PANNELL, JR.
CHARLES A. PANNELL, JR.
United States District Judge