IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IOU CENTRAL, INC. <br> d/b/a IOU FINANCIAL, INC <br><br> Plaintiff, <br> vs. <br><br> RICARDO M. VANCE, JR. ET AL <br><br> Defendants | CASE NO. 1:19-cv-05862-CAP |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT [DOC 33] IN FULFILLMENT OF THE ORDER [DOC 32]

Plaintiff IOU moves leave to file the Amended Complaint [Doc 33] in fulfillment of the Order [Doc 32] and incorporates its Amended Complaint.

### STATEMENT OF FACTS

1. On 12/31/19, IOU filed this case which was timely served [Doc 7-9].

2. IOU timely sought entry of default against the Defendants [Doc 12].

3. On 3/17/20, IOU filed a motion for default judgment [Doc 13].

4. On 3/19/20, the Court held the Motion could not be heard at that time due to COVID-19 per its Order [Doc 14] granting a default, but no judgment [Doc 14]. There was no further activity in the case until January 2021.

5. On 1/19/21, IOU moved for relief in another case before the Court, later transferred, noting the status of this case. [IOU v. T&M Investments, 1:20-cv-

6. On 1/25/21, the Court ordered IOU to file a supplemental brief on its Motion for Default [Doc 26] granted one extension [Doc 29] and denied a second one, ordering an amended complaint be filed within 14 days or the case would be dismissed with prejudice [Doc 32]. The second order was mailed to Defendants, who did not respond, just as they failed to respond since being served.

7. IOU's counsel filed and served the Amended Complaint [Doc 33], the seven counts of which do not incorporate any others but reference the statement of facts [Doc 33, Count I ¶¶ 31-44, declaratory and equitable relief, Count II ¶¶ 39-44, breach of instruments, Count III, ¶¶ 45-53, breach of fiduciary duty and conversion, Count IV, ¶¶ 54-59, unjust enrichment and quantum merit, Count V, ¶¶ 60-66, equitable lien, Count VI, ¶¶ 67-73, constructive trust, Count VII ¶¶ 31, attorneys' fees] Each count clearly denotes it is directed to all three Defendants, containing facts specific to each Defendant, particularly Counts III and IV. Incorporating the statement of facts in each count is permitted in this Circuit. ***Weiland v. Palm Beach***, 792 F.3d 1313, 1324 (11th Cir. 2015) holding:

> "[Plaintiff's] re-alleging of ¶1 through 49 at the beginning of each count looks, at first glance, like the most common type of shotgun pleading. *But it is not*. As we have already discussed, this Court has condemned the incorporation of preceding paragraphs where a complaint "contains several counts, predecessors [i.e., predecessor counts], leading to a situation where most of the counts (i.e., all but

the first) contain irrelevant factual allegations and legal conclusions." ***Strategic Income Fund***, 305 F.3d at 1295; see also ***Magluta v. Samples***, 256 F.3d 1284 (11th Cir. 2001) [identifying complaint as a shotgun pleading where "[e]ach count incorporates by reference the allegations made in a section entitled 'General Factual Allegations", which comprise[d] 146 numbered paragraphs — *while also incorporating the allegations of any count or counts that precede[d] it"*) *(emphasis added)*. **What we have here is different. The allegations of each count are *not* rolled into every successive count on down the line."** <u>Weiland</u> at 1324

8. IOU also provided an applicable statutory basis on nearly all counts of the Amended Complaint per the Order [Doc 32, p. 5] [See Doc 33, Amended Complaint, ¶¶ 37-38, 43, 53, 59, 66, 73, 77] However, IOU's claims, such as breach of fiduciary duty and conversion in <u>Count III</u> and equitable lien in <u>Count V</u>, are common law claims [Doc 32, Order p. 6]. There is also no requirement in the Rules for legal citations in the Amended Complaint, just short plain statements of the grounds for jurisdiction and of the claims, showing the basis for relief, to be simple, concise and direct, requiring no technical forms, to be construed to do justice. Fed. R. Civ. P. 8 (a), (d), (e). ***Dotchay v. National***, 246 F.2d 221, 223 (5th Cir. 1957) [revered dismissal of suit per implied claims for declaratory relief] per "liberal rule of federal practice under which a complaint is not to be dismissed as a plaintiff's lawyer misconceived the proper legal theory of the claim…<u>the complaint is sufficient if it shows plaintiff is entitled to any relief which the court can grant, regardless whether it asks for proper relief</u>." IOU complied with those standards.

9. The Court is requested to take notice of the amended complaint in the *__Kovack__* Case, on nearly identical claims as those of IOU: which is far *less* detailed and specific than IOU's Amended Complaint, which cites far *less* legal authority, but was permitted by the Court, after ordering an amended complaint to be filed within 21 days, then denying a motion to dismiss that pleading: ***Delutha King v. Kovack Securities et al***, Northern District of Georgia, Case No. 1:18-cv-04079-SCJ [Doc 26: order to file Amended Complaint; Doc 30: Amended Complaint; Doc 44, Order denying Motion to Dismiss] ***King v. Kovack Secs., Inc.***, LEXIS 133075 *13-14 (N.D. Ga. 2020) [denied motion to dismiss amended complaint with claims for breach of fiduciary duty owed to creditor]

10. Furthermore, a creditor may seek damages for breach of fiduciary duty and a constructive trust to address misconduct as alleged here, rather than just seeking a monetary judgment on a note [Doc 32, p. 5]. IOU's note includes a security agreement, secured by collateral **which Defendants procured and who destroyed** that collateral [See Amended Complaint ¶¶ 10, 22, 4-51] ***King v. Kovack Secs., Inc.***, LEXIS 133075 *13-14 (N.D. Ga. 2020) [denied motion to dismiss amended complaint with claims for breach of fiduciary duty owed to creditor] *citing* **Ga. Commercial Stores, Inc. v. Forsman**, 342 Ga. App. 542, 546, 803 S.E.2d 805 (2017) (citations omitted).

11. As also held:

> "[W]hen a corporation becomes insolvent its directors are bound to manage the remaining assets for the benefits of its creditors, and cannot in any manner use their powers for the purpose of obtaining a preference or advantage to themselves. Thus, corporate officers and directors may not give preference to existing debts which the corporation owed to other persons, and for which such officers and directors were primarily liable unless a preference or payment is made in the performance of an agreement entered into at or prior to the time when the liabilities to the creditors were incurred, or before the insolvency of the corporation] **_U.S. Capital Funding VI, Ltd. v. Patterson Bankshares, Inc._**, 137 F. Supp. 3d 1340, 1375 (S.D. Ga. 2015) (internal quotation marks and citations omitted).

12. The Order [Doc 32] also not address IOU's claims for conversion of its loan collateral in <u>Count III</u> of the Complaint, again alleged in <u>Count III</u> of the Amended Complaint, another common law claim under Georgia law, as held here:

> "Where the interest is a security interest, the measure of damages is <u>the lower of the value of the converted property or the outstanding amount of the debt</u>. After all, if all or a portion of the debt has been paid after **conversion**, the secured creditor would not be entitled to recover the portion that has been paid; the outstanding balance of the debt provides the ceiling for any monetary recovery the secured creditor could receive. **_William Goldberg & Co., Inc. v. Cohen_**, 219 Ga. App. 628, 641, 466 S.E.2d 872 (1995) (internal quotation marks and citations omitted, alterations accepted, emphasis added)

13. IOU may seek equitable liens and constructive trusts in this case for the misconduct at issue *See **_Middlebrooks v. Lonas_***, 246 Ga. 720 (2), 272 S.E.2d 687 (1980): holding a constructive trust or equitable lien can be imposed to obtain repayment of a loan when the loan was fraudulently procured and no adequate

remedy is available at law [such as destroyed loan collateral], citing O.C.G.A. § 53-12-26 (2), which provides a trust will be implied "where, from any fraud, one person obtains the title to property which rightly belongs to another." That case further held a promise made without a present intent to perform is a misrepresentation of material fact and is sufficient to support a claim of fraud. ***Middlebrooks***, supra at 721, 272 S.E.2d 687. See also *Restatement of Torts, Second*, § 530 (1), p. 64 (1977). The holding of ***Middlebrooks*** was reaffirmed in ***Eason v. Farmer***, 261 Ga. 675, 409 S.E.2d 509, 511 (Ga. 1991).

14.  IOU also filed the Amended Complaint just hours after the 14-day deadline, due to an internet outage at counsel's home office late yesterday, which he will verify under oath if directed. However, this short delay and response is far less than the 21-day deadline provided in the ***Kovacs*** case to file an amended complaint and IOU has awaited a ruling on these issues since last year. IOU's short, concise Amended Complaint does not merit dismissal with prejudice particularly as the plaintiff in another case cited here was granted leave to amend twice, who wrote a 70-page second amended complaint with 160 pages of exhibits. ***Vibe Micro v. Shabenets***, 878 F.2d. 1291, 1294 (11th Cir. 2018) [Doc 32, p. 6]

15.  IOU is required to serve the Amended Complaint by mail, but not by process server which adds no new claims but supersedes the original complaint.

[Doc 32, p. 7] Fed. R. Civ. P. 5 (a)(2) and (b) (2) (C). "An amended complaint supersedes the original complaint." See ***Gross v. White***, 340 F. App'x 527, 534 (11th Cir. 2009) (quoting ***Fritz v. Standard Sec. Life Ins. Co. of N.Y***., 676 F.2d 1356, 1358 (11th Cir. 1982)). Defendants have fourteen days to respond to the Amended Complaint. Fed. R. Civ. P. 15 (a) (3).

16.  Accordingly, IOU respectfully requests that the Amended Complaint be accepted as fulfilling the Court's Order [Doc 32] which was filed long before the start of the business day and which complies with the Rules.

## MEMORANDUM

The Court is requested to take judicial notice of these matters per Fed. R. Evid. 201. IOU acted in good faith in seeking this minor relief. ***Buford v. City of Atlanta***, LEXIS 166286 (N.D. Ga. 2011) [permitted amended response to motion, filed 4 days after deadline, which did not prejudice adversary] The relief will not prejudice any party. ***Pioneer v. Brunswick***, 507 U.S. 395 (1993) [accepted late proof of claim]; ***Looney v. Owens***, LEXIS 1827 *6-7 (N.D. Ga. Bankr. 2007) [declined to dismiss case per 2-day delay in filing status report, which did not injure court or any party, in which plaintiff was otherwise diligent and adequately explained the delay] This relief will not prejudice any party or delay this case

# CONCLUSION

IOU respectfully requests leave to file the Amended Complaint which fulfills the Order [Doc 32] and for all just relief.

## L.R. 5.1 (C) CERTIFICATE OF COMPLIANCE

Per L.R. 5.1(C), I certify this document was prepared per L.R. 5.1(B) in Times Roman 14-point typeface.

Respectfully submitted this 10th day of March 2021.

    By:    */s/Paul G. Wersant*
             Paul G. Wersant
             Georgia Bar No. 748341
             3245 Peachtree Parkway, Suite D-245
             Suwanee, Georgia 30024
             Telephone: (678) 894-5876
             Email: pwersant@gmail.com
             Attorney for Plaintiff
             File No. 10647